IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re MALLINCKRODT PLC, *et al.*, | : | Chapter 11 |
| | : | Bankr. Case No. 20-12522-JTD |
| Debtors. | : | (Jointly Administered) |
| | : | |
| ATTESTOR LIMITED and HUMANA INC., | : | |
| | : | |
| Appellants, | : | |
| v. | : | Civ. No. 21-1093-LPS |
| | : | |
| MALLINCKRODT PLC, *et al.*, | : | |
| | : | |
| Appellees. | : | |

## MEMORANDUM ORDER

1.  Before the Court is Appellants' Motion to Expedite (D.I. 4), which seeks expedited briefing and consideration of the merits of Appellants' appeal of the Bankruptcy Court's July 23, 2021 Order (B.D.I. 3406) ("Claim Objection Order"),[1] which sustained Debtors' objection to the vast majority of Appellants' claims. Having considered Appellants' Declaration in support (D.I. 5) and Debtors' response in opposition (D.I. 9), the Court will deny the Motion to Expedite for the reasons set forth herein.

2.  **Background**. Debtors manufactured the drug Acthar. Appellants are healthcare insurers and Medicare Part D providers, which regularly pay for Acthar. Appellants are also claimants which held (or purchased and were assigned) claims against Debtors with respect to the distribution, marketing, and sale of Acthar, including antitrust and RICO claims, which Appellants contend are worth billions of dollars. On October 12, 2020, Debtors filed their cases under chapter 11. On November 30, 2020, the Bankruptcy Court entered the Bar Date Order (B.D.I. 667). Appellants assert that they did not have sufficient information to know which of the 64 Debtor

---

[1] The docket of the Chapter 11 cases, captioned *In re Mallinckrodt plc*, Case No. 1:20-bk-12522-(JTD) (Bankr. D. Del.) is cited herein as "Bankr. D.I. __."

entities could be liable for their claims. Appellants could have sought discovery under Bankruptcy Rule 2004 to substantiate their claims before the bar date expired 78 days later on February 16, 2021. Appellants failed to do so. Instead, Appellants filed a proof of claim against each of the 64 Debtors.

3. Months went by. On April 30 2021, Debtors filed an omnibus objection to Appellants' claims as against all but two of the Debtor entities on the basis that those claims, filed against each of the 64 Debtors, did not assert a single allegation against 62 of them. (B.D.I. 2165) ("Claim Objection") Debtors did not object to – and the Bankruptcy Court did not disallow – Appellants' alleged billions of dollars of claims against the only entities they ever sued prepetition, which are also the only entities mentioned in any of their claims: Mallinckrodt ARD LLC ("ARD") and Mallinckrodt plc ("plc"). Rather, Debtors objected to the identical multi-billion dollar claims against the other 62 Debtors, whose estates are jointly administered with those of ARD and plc.

4. At a contested discovery hearing held on June 2, 2021, the Bankruptcy Court authorized discovery relevant to the challenged claims. Thereafter, as Appellants themselves assert, "the parties engaged in expedited discovery over the course of several weeks on the limited issue of what entities may be liable for Appellants' claims," pursuant to which "Debtors produced documents and made a 30(b)(6) witness available for deposition testimony." (D.I. 4 at 3) Notwithstanding this discovery, Appellants failed to substantiate their proofs of claim through the proper procedural step – i.e., amending their proofs of claim – despite having seven weeks to do so prior to the July 23, 2021 hearing on the Claims Objection.

5. Meanwhile, on June 18, 2021, Debtors filed their proposed plan of reorganization. (B.D.I. 2916) The Bankruptcy Court entered an order setting the deadline for creditor votes and plan objections for September 3, 2021, and scheduling a multi-day plan confirmation hearing to begin on September 21, 2021. (B.D.I. 2988)

6. At the July 23, 2021 hearing, the Bankruptcy Court disallowed Appellants' identical multi-billion dollar proofs of claim against the other 62 Debtors, finding that the claims failed to meet the test for "prima facie validity" under the Bankruptcy Rules and the Third Circuit's decision in *In re Allegheny International, Inc.*, 954 F.2d 167 (3d Cir. 1992). The Bankruptcy Court disallowed the claims after finding that Appellants (i) had not alleged a single fact in support and (ii) had filed the claims in bad faith in an attempt to gain leverage and hold up confirmation of the plan. (B.D.I. 3414, 7/23/21 Hr'g Tr., at 45-47) On July 23, 2021, the Bankruptcy Court entered the Claim Objection Order. On July 28, 2021, Appellants filed their notice of appeal and, on July 30, 2021, they filed their Motion to Expedite. (D.I. 1, 4)

7. **Applicable standard.** Bankruptcy Rule 8013(a)(2)(B) provides that a "motion to expedite an appeal must explain what justifies considering an appeal ahead of other matters." FED. R. BANKR. P. 8013(a)(2)(B). Bankruptcy Rule 8028 also permits a district court to expedite a bankruptcy appeal. *See* FED. R. BANKR. P. 8028 ("In the interest of expediting decision or for other cause in a particular case, the district court or BAP, or where appropriate the court of appeals, may suspend the requirements or provisions of the rules in Part VIII[, including the briefing and timing rules.]"); *In re Island Helicopters, Inc.*, 1997 WL 466973, at *5 (E.D.N.Y. Aug. 13, 1997) (granting expedited appeal under Bankruptcy Rule 8019, which is now Bankruptcy Rule 8028); *Rashid v. Powel (In re Rashid),* 210 F.3d 201, 209 (3d Cir. 2000) (endorsing district court's exercise of jurisdiction under Bankruptcy Rule 8019, now 8028, to alter default briefing schedule "in the interest of expediting decision or other good cause"). "The primary purpose of [Rule 8028] is to give the district courts . . . the power to expedite the consideration of cases that are of pressing concern to the public or to the litigants. Courts will invoke the power given them by [Rule 8028] if there are unusual time considerations or if unfairness to the litigants would otherwise result."

COLLIER ON BANKRUPTCY ¶ 8019.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (internal quotation marks omitted).

8. **Analysis.** Appellants argue that the grounds for expediting the appeal – "protecting the right to appellate review and the fundamental rights of creditors" – constitute sufficient cause to expedite review under Bankruptcy Rule 8028. Debtors argue that Appellants should not be awarded such exceptional relief on account of their own delay and should not be allowed to use litigation as leverage to hold up confirmation of the plan. The Court agrees with Debtors.

9. Appellants ask this Court to have their appeal briefed, argued, and decided in a matter of weeks; with a "Decision by no later than August 31, 2021." (D.I. 4 at 21) As the Debtors correctly point out, this is extraordinary relief under any measure, but it is even more extraordinary and inappropriate on the facts of this case. The record reflects that in the almost six months that have elapsed since the bar date expired in February 2021, Appellants did not (and have never sought to) amend their claims, but instead delayed in alleging any facts to support their disputed claims by repeatedly asserting that more discovery was needed without ever actually seeking to compel discovery. While Appellants argue that "expedited appeal is needed to ensure that Appellants may exercise their fundamental rights as creditors in these chapter 11 cases," Appellants have failed at several stages to use available and proper mechanisms to assert those rights.

10. Specifically, Appellants failed to follow the proper procedures (i) after the bar date was set more than eight months ago on November 30, 2020, (ii) after the Debtors objected to the unsubstantiated claims over four months ago on April 30, 2021, and (iii) after the Bankruptcy Court permitted discovery over seven weeks prior to the July 23, 2021 hearing on the Debtors' objection.

11. The Court rejects Appellants' assertion that this Court must hear their appeal on an expedited basis so that Appellants may have yet another chance to revive their disallowed claims. Such extraordinary relief should not be granted to redress a purported emergency that was caused

4

by Appellants' own delay and failure to follow established procedures. *See generally Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. of City of Bos.*, 996 F.3d 37, 50 (1st Cir. 2021) ("We do not lightly grant emergency relief, especially where the emergency is largely one of [plaintiff's] own making and the relief sought would interfere with processes on which many others have reasonably relied.") (internal quotation marks omitted); *In re Rosas,* 2010 WL 3075468, at *1 (Bankr. W.D. Tex. Aug. 4, 2010) ("The court is not obligated to grant relief for emergencies of the debtor's own making.").

12. As the Bankruptcy Court explained, the procedures applicable to the bankruptcy claims process exist for a reason. Quoting *In re Nortel Networks, Inc.*, 573 B.R. 522 (Bankr. D. Del. 2017), the Bankruptcy Court particularly emphasized the importance of the bar date: "'the bar date is important to the administration of a bankruptcy case as it brings certainty to the debtor's case by enabling the debtor and its creditors to know the amount of claims that exist. It is akin to a statute of limitations and must be followed.'" (7/23/21 Hr'g Tr. at 141)

13. Moreover, expediting this appeal, at a time when the Debtors and their various creditor constituencies are deeply involved in preparing for the confirmation hearing scheduled for September 21, 2021, would undoubtedly prejudice the Debtors and their estates. (*See* D.I. 9 at 8-9) To require the Debtors to review and file appellate briefs and present oral argument in the extraordinarily compressed time period proposed by Appellants, which contemplates all briefing and argument taking place on or before August 18th, would greatly distract the Debtors from the confirmation process, to the detriment of all of the Debtors and all other creditor constituents in the Debtors' chapter 11 cases. The facts and circumstances do not justify hearing this appeal ahead of other matters.[2]

---

[2] This assumes the Court could even accommodate the request to issue a decision by August 31, which is less than four weeks from now. In the intervening time, the undersigned Judge is presently scheduled to preside over consecutive civil (patent) and criminal jury trials, hold two extensive

14. **Conclusion.** For the reasons cited in the Debtors' opposition, the Motion to Expedite (D.I. 4) is DENIED.

August 4, 2021  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

---

hearings in other patent cases, and handle at least seven status conferences, in addition to other duties.