## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>MALLINCKRODT PLC, *et al.*,<br><br>              Debtors.[1] | Chapter 11<br>Case No. 20-12522-JTD<br>(Jointly Administered) |
| ATTESTOR LIMITED and HUMANA INC.,<br><br>              Appellants,<br><br>     v.<br><br>MALLINCKRODT PLC, *et al.*,<br><br>              Appellees. | Civ. No. 21-cv-1093-LPS |
| CITY OF ROCKFORD, *et al.*,<br><br>              Appellants,<br><br>     v.<br><br>MALLINCKRODT PLC, *et al.*,<br><br>              Appellees. | Civ. No. 21-cv-1150-LPS |

---

[1] A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

## APPELLEES' MOTION TO CONSOLIDATE APPEALS FOR PROCEDURAL PURPOSES AND FOR RELATED RELIEF

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Rule 8013 of the Federal Rules of Bankruptcy Procedure, the Debtors, by and through undersigned counsel, respectfully file this motion to consolidate (the "Motion"), for procedural purposes only, appeal Civ. No. 21-cv-1093-LPS, filed by the Acthar Insurance Claimants,[2] with appeal Civ. No. 21-cv-1150-LPS, filed by the Ad Hoc Acthar Group (together with the Acthar Insurance Claimants, "Appellants").[3]  Both appeals seek reversal of the *Order Sustaining Debtors' First Omnibus Objection to Unsubstantiated Claims (Substantive)* ("Unsubstantiated Claims Order") entered by the United States Bankruptcy Court for the District of Delaware ("Bankruptcy

---

[2] The "Acthar Insurance Claimants" consist of the following: Attestor Limited, on behalf of itself and its affiliated entities, including Avon Holdings I, LLC (collectively, "Attestor"), and Humana, Inc. ("Humana").

[3] The "Ad Hoc Acthar Group" consists of the following: the City of Rockford, Steamfitters Local Union No. 420, the International Union of Operating Engineers Local 542, United Association of Plumbers & Pipefitters Local 322 of Southern New Jersey and Acument Global Technologies, individually and on behalf of the classes of third party payors and their beneficiaries that Rockford, Steamfitters Local 420 and Plumbers Local 322 seek to represent in their respective cases currently pending in federal district courts in the Northern District of Illinois, the Eastern District of Pennsylvania, and the District of New Jersey, respectively.  Individual members of the Ad Hoc Acthar Group are "Acthar Plaintiffs."

Court") on July 23, 2021, as well as the oral bench ruling issued in connection therewith.  Bankr. D.I. 3405, 3406.[4]

## **INTRODUCTION**

The Debtors currently are responding to two appeals that arise from the same order, relate to the same legal and factual predicates, and will involve substantially overlapping issues.  Given the common legal and factual issues, the Debtors presently are required to spend time and expense making duplicative filings and arguments with respect to both appeals.  This unnecessarily depletes judicial and Debtor resources.  Through this Motion, the Debtors seek to promote judicial economy and avoid unnecessary cost and delay by eliminating the need for duplicative filings and arguments across two separate appeals, and permitting administration of the appeals on a single, consolidated docket.  The Debtors seek to consolidate the appeals for procedural purposes only and, accordingly, no party's substantive rights will be affected by the relief requested herein.  Accordingly, the Debtors respectfully request entry of an order approving the Motion.

## **BACKGROUND**

In February 2021, the Acthar Insurance Claimants and the Ad Hoc Acthar Group filed numerous proofs of claim against all of the Debtors on the basis of

---

[4] "Bankr. D.I." refers to the docket in the main Chapter 11 Case, Case No. 20-12522 (JTD).

RLF1 25847292v.1

Acthar-related prepetition lawsuits.  *See* Bankr. D.I. 2165 at ¶ 12, Sched. 1.  The only support attached to the filed proofs of claim were copies of the complaints from the underlying Acthar litigations—complaints which name only Debtors Mallinckrodt ARD LLC and Mallinckrodt plc as defendants.  None of the other Debtors are named in the underlying Acthar lawsuits.

On April 30, 2021, the Debtors filed the *Debtors' First Omnibus Objection to Unsubstantiated Claims (Substantive)* [Bankr. D.I. 2165] (the "Unsubstantiated Claims Objection"), objecting to certain proofs of claim, including claims filed by both the Ad Hoc Acthar Group and the Acthar Insurance Claimants against certain of the Debtors.  Among other things, the Unsubstantiated Claims Objection argued that each challenged proof of claim failed to allege any facts regarding the Debtor against which each was filed, much less facts sufficient to establish *prima facie* validity of the claims under *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992).  *See* Unsubstantiated Claims Objection at ¶¶ 16-18.

The Acthar Insurance Claimants and the Ad Hoc Acthar Group opposed the Unsubstantiated Claims Objection.  Bankr. D.I. 2512, 2924, 2529, 2947.  In response, the Debtors filed an Omnibus Reply.  *See* Bankr. D.I. 3177.

On July 23, 2021, the Bankruptcy Court held a hearing (the "July 23 Hearing") to consider the Unsubstantiated Claims Objection.  The Court noted that the issue before it was "whether or not the proofs of claim filed by the ad hoc group and the

insurance group of Acthar claimants complies with the code, the rules, and the Third Circuit's ruling in *Allegheny*."   July 23 Hr'g Tr. 36:25-37:4 [Bankr. D. I. 3414]. Counsel for both the Acthar Insurance Claimants and the Ad Hoc Acthar Group presented argument at the hearing.   *Id.* at 41:25-45:12, 48:17-51:21, 55:20-57:10, 74:15-94:20, 95:5-135:12.   At the conclusion of the hearing, the Court ruled that it would sustain the Unsubstantiated Claims Objection.   *Id*. at 141:10-147:12.   Among other things, the Bankruptcy Court held that both the Acthar Insurance Claimants and the Ad Hoc Acthar Group had failed to meet the *Allegheny* standard, took "actions contitut[ing] bad faith and an abuse of the claims process established by the bankruptcy code and bankruptcy rules", and engaged in undue delay.   *Id.*   The Court subsequently entered a single order that denied the unsubstantiated claims of both the Acthar Insurance Claimants and the Ad Hoc Acthar Group.   Bankr. D.I. 3406.

On July 28, 2021, the Acthar Insurance Claimants filed a notice of appeal from the Unsubstantiated Claims Order.   Bankr. D.I. 3457.   On August 4, 2021, this Court entered its Memorandum Order denying the Acthar Insurance Claimant's motion to expedite the appeal.   D.I. 14.

On August 6, 2021, the Ad Hoc Acthar Group filed a notice of appeal from that same order.   Bankr. D.I. 3594.   At a hearing on August 16, 2021, the Bankruptcy Court denied the Ad Hoc Acthar Group's motion to stay the Unsubstantiated Claims

Order pending appeal, and entered an order thereon two days later.  Bankr. D.I. 3790,

3816.

## **REQUEST FOR RELIEF**

By this Motion, the Debtors request that the Court consolidate the appeals for

procedural purposes only and without prejudice to the substantive rights of the

parties to the appeals.  Specifically, the Debtors request that:

- the appeals be jointly administered under Civ. No. 21-cv-1093-LPS

  (the "Consolidated Appeal");

- a docket entry be made on the docket in Civ. No. 21-cv-1150-LPS

  stating as follows:

  > An Order has been entered in this appeal directing the procedural
  > consolidation of this appeal under Civ. No. 21-cv-1093-LPS.
  > The docket in Civ. No. 21-cv-1093-LPS should be consulted for
  > all matters affecting this appeal;

- after consolidation, all papers in the appeals shall be, and need only be,

  filed on the docket of 21-cv-1093-LPS;

- all papers filed in any of the appeals before consolidation be deemed

  filed on the docket of Civ. No. 21-cv-1093-LPS;

- the parties be ordered to advise in a joint written submission for the

  consolidated appeals their respective positions regarding mediation and

  reasoning for their positions, and, should the parties jointly request the

  matter be removed from the mandatory mediation requirement, to

provide a proposed briefing schedule and/or advise whether they feel a

teleconference with a Magistrate Judge would be of assistance and why;

- the caption of the Consolidated Appeals read as follows:

| | |
|---|---|
| In re:<br>MALLINCKRODT PLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br>Case No. 20-12522-JTD<br>(Jointly Administered) |
| ACTHAR INSURANCE<br>CLAIMANTS, *et al.*,<br><br>Appellants,<br><br>v.<br><br>MALLINCKRODT PLC, *et al.*,<br><br>Appellees. | Appeals from the Bankruptcy Court<br><br>Civ. No. 21-cv-1093-LPS<br><br>Civ. No. 21-cv-1150-LPS |

## **BASIS FOR RELIEF REQUESTED**

This Court has broad discretion to consolidate related appeals. Under Federal

Rule of Bankruptcy Procedure 7042 and Federal Rule of Civil Procedure 42(a), the

Court may consolidate any actions involving a "common question of law or fact"

---

[1] A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

and "issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P.
42(a); *In re Mock*, 398 F. App'x 716, 718 (3d Cir. 2010) (applying Federal Rule 42
to bankruptcy appeals); *see also* Fed. R. Bankr. P. 8003(b)(2) ("When parties have
separately filed timely notices of appeal, the district court or BAP may join or
consolidate the appeals."); Advisory Committee Note to Bankruptcy Rule 8002
("The district courts and bankruptcy appellate panels have inherent authority to
consolidate appeals.").

District courts in this district routinely consolidate bankruptcy appeals when
the appeals involve common issues of law or fact.  *See, e.g.*, *In re Akorn, Inc.*, Civil
Action No. 20-01254 (MN) (D. Del. Oct. 19, 2020); *In re Allonhill, LLC*, 19-00879
(LPS) (D. Del. June 24, 2019); *In re Prospector Offshore Drilling S.a r.l.*, Civil
Action No. 18-00367 (LPS) (D. Del. June 12, 2018); *In re Owens Corning*, Civil
Action No. 11-01130 (LPS) (D. Del. Dec, 16, 2011); *In re W.R. Grace & Co., et al.*,
Civil Action No. 11-00199 (RLB) (D. Del. Mar. 28, 2011); *In re Kaiser Aluminum
Corp., et al.*, Civil Action No. 05-00135 (JJF) (D. Del. May 30, 2005); *In re
Oakwood Homes et al.*, Civil Action No. 04-00835 (JJF) (D. Del. July 21, 2004); *In
re Finova Group Inc., et al.*, Civil Action No. 02-01632 (JJF)(Mar. 26, 2003); *In re
Genesis Health Ventures, Inc.*, Civil Action No. 01-00853 (JJF) (D. Del. Feb. 3,
2002); *In re Heartland Wireless, et al.*, Civil Action No. 01-00500 (SLR) (D. Del.
Dec. 3, 2001).

Here, the two appeals "involve the same order of the Bankruptcy Court"; appellants "will seek the same relief in these appeals"; and "the appellee is the same in both cases." *Falcon Creditor Tr. v. Falcon Prods. (In re Falcon Prods.)*, Nos. 4:07-CV-1901 CAS, 4:07-CV-1902 CAS, 2007 U.S. Dist. LEXIS 85979, at *2-4 (E.D. Mo. Nov. 20, 2007). The appeals thus "involve common questions of law or fact" and consolidation is warranted. *Id.*; *cf.* Fed. R. App. P. 3(b)(2) ("When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals."); Fed. R. Bankr. P. 8010(b)(2) ("If there are multiple appeals from a judgment, order, or decree, the bankruptcy clerk must transmit a single record.")

Further, the appeals relate to the same legal and factual predicates, and will involve substantially overlapping issues. The Debtors' Unsubstantiated Claims Objection, as well as their omnibus reply, concerned proofs of claim filed by the Acthar Insurance Claimants *and* proofs of claim filed by the Ad Hoc Acthar Group. The Bankruptcy Court considered the Unsubstantiated Claims Objection as it pertains to both Appellants at a single hearing during which counsel for both the Acthar Insurance Claimants and the Ad Hoc Acthar Group presented argument. And the Bankruptcy Court's reasons for sustaining the Unsubstantiated Claims Objection applied equally to the Acthar Insurance Claimants and the Ad Hoc Acthar Group.

9

For that reason too, substantially identical issues likely will predominate on appeal. Below, the parties agreed that *In re Allegheny International, Inc.*, 954 F.2d 167 (3d Cir. 1992) controlled. July 23 Hr'g Tr. 43:6-7 (counsel for Acthar Insurance Claimants states, "I think Your Honor is spot on whenever you said *Allegheny* governs here"); July 23 Hr'g Tr. 48:23 (counsel for Ad Hoc Acthar Group states, "I agree the *Allegheny* standard applies"). The Acthar Insurance Claimants and the Ad Hoc Acthar Group each have indicated that they will argue on appeal that the Bankruptcy Court misapplied *Allegheny*. The first issue that the Acthar Insurance Claimants list in their "Statement of Issues to be Presented on Appeal" concerns "[w]hether the Bankruptcy Court erred when it disallowed Appellants' claims on a claims objection under Bankruptcy Rule 502(b) applying *In re Allegheny International, Inc.*, 954 F.2d 167 (3d Cir. 1992) . . . ." D.I. 15, at 2. And although the Ad Hoc Acthar Group has not yet filed its statement of issues, in unsuccessfully seeking a stay in the Bankruptcy Court pending this appeal, the Ad Hoc Acthar Group stated that "[t]he parties agree that the legal standard for the Omnibus Objection is set forth in the decision of the Third Circuit in *In re Allegheny Int'l., Inc.*, 954 F.2d 167 (3d Cir. 1992)" and argued that they had a likelihood of success on the merits of their appeal based on the Bankruptcy Court's purported misapplication of *Allegheny*. *See* Bankr. D.I. 3655, at 5-7.

Consolidation will promote judicial economy and avoid unnecessary costs and delay by eliminating the need for duplicative filings and by permitting administration of the appeals on a single, consolidated docket and schedule. *See Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991) ("Rule 42(a) of the Federal Rules of Civil Procedure gives this Court broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the administration of justice."). As just one recent example, the Debtors have had to engage separately with counsel for the Acthar Insurance Claimants and the Ad Hoc Acthar Group regarding the respective joint mediation statements and proposed briefing schedules—which are due at different times under the current schedule. But it makes little sense to have two separate briefing schedules for appeals from the same order. Consolidation will allow the parties to agree to (or the Court to order) a joint briefing schedule that will streamline the appeals and avoid, among other things, duplicative briefing, hearings and/or argument (if necessary).

Pursuant to D. Del. L.R. 7.1.1., the undersigned hereby certifies that counsel for the Debtors has made reasonable efforts to reach agreement on the matters set forth in this Motion. Lead counsel for the Debtors conferred separately with lead counsel for the Acthar Insurance Claimants and the Ad Hoc Acthar Group, both of which indicated that they opposed consolidation. Local counsel for the Debtors also

reached out to local counsel for both Appellants, but local counsel for the Ad Hoc Acthar Group indicated that he did not have time to speak and, as of the time of filing of this Motion, local counsel for the Achtar Insurance Claimants had not responded.  The Debtors understand that both Appellants oppose this Motion.

## **CONCLUSION**

The Debtors respectfully request that the Court enter an order consolidating and jointly administering the appeals under one case number; ordering the adoption of a case caption that recognizes both appeals; authorizing documents filed in Civ. No. 21-cv-1150-LPS to count as filed in Civ. No. 21-cv-1093-LPS; authorizing the parties to each of the appeals to use a combined service list; ordering the parties to submit a joint statement for the consolidated appeals including their respective positions regarding mediation and, should the parties jointly request the matter be removed from the mandatory mediation requirement, a proposed briefing schedule; and granting any and all other such relief to which the Court finds the Debtors are justly entitled.

*[Signature page follows]*

RLF1 25847292v.1

Dated:  August 18, 2021
          Wilmington, Delaware

*/s/ Robert J. Stearn, Jr.*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email:        collins@rlf.com
                 stearn@rlf.com
                 merchant@rlf.com
                 steele@rlf.com

**LATHAM & WATKINS LLP**
George A. Davis (*pro hac vice*)
George Klidonas (*pro hac vice*)
Andrew Sorkin (*pro hac vice*)
Anupama Yerramalli (*pro hac vice*)
885 Third Avenue
New York, New York 10022
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864
Email:        george.davis@lw.com
                 george.klidonas@lw.com
                 andrew.sorkin@lw.com
                 anu.yerramalli@lw.com

- and -

Jeffrey E. Bjork (*pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763
Email:        jeff.bjork@lw.com

- and -

Jason B. Gott (*pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
Email:        jason.gott@lw.com

*Attorneys for Debtors*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

This document complies with the type-volume limit of Fed. R. Bankr. Pr. 8013(f)(3)(A) because, excluding the parts of the document exempted by Fed. R. Bankr. Pr. 8015(g), this document contains 2,772 words.  This document complies with the typeface and type-style requirements of Fed. R. Bankr. Pr. 8013(f)(2) because this document has been prepared in proportionally spaced typeface using Microsoft Word 206 in 14-point Times New Roman font.


 Dated: August 18, 2021                    */s/ Robert J. Stearn, Jr.*
                                            Robert J. Stearn, Jr.

14

RLF1 25847292v.1