# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MALLINCKRODT PLC, | : | Bankruptcy Case No. 20-12522 (JTD) |
| | : | |
| Debtor. | : | |
| _____ | : | |
| | : | |
| ACTHAR INSURANCE CLAIMANTS, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C.A. No. 21-1093-LPS |
| | : | Bankr. BAP No. 21-55 |
| MALLINCKRODT PLC, *et al.*, | : | |
| | : | |
| Appellees. | : | |
| _____ | : | |

## **RECOMMENDATION**

At Wilmington this **31st** day of **August, 2021**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

This appeal involves a July 23, 2021 Order by The Honorable John T. Dorsey of

the Bankruptcy Court disallowing certain of Appellants' claims against the Debtors in their chapter 11 cases.  Previously, the parties engaged in ongoing mediation before the Honorable Christopher S. Sontchi without success.  The parties agree that further mediation would result in unnecessary costs and delay, would not be productive and not a worthwhile use of judicial resources.  The parties request that this matter be removed from mandatory mediation.

       The parties have competing proposed briefing schedules.  Appellants argue for a briefing schedule based on the default briefing schedule provide under Rule 8018(a) of the Federal Rules of Bankruptcy Procedure, specifically, that they must serve and file their Opening Brief within thirty (30) days after the docketing of my recommendation that this Appeal be withdrawn from mandatory mediation.  Thereafter, Appellees would serve and file their Answering Brief within thirty (30) days after service of Appellants' Opening Brief.  Fourteen days after service of Appellees' Brief, Appellants would serve their Reply Brief.

       In support of the above proposed briefing schedule, Appellants maintain that its schedule would prevent deprivation of their due process rights.  Appellants' Plan Confirmation hearing is schedule for September 21, 2012 and Appellees have indicated they intend to substantially consummate the plan as soon as possible, likely by the end of 2021.  Once this has occurred, Appellees will maintain that this Appeal is equitably moot.  Appellants contend that Appellees' efforts "to use equitable mootness as a 'sword'" should not be allowed by this Court.  Appellants note their request regarding a briefing schedule is what they are afforded under the Bankruptcy Rules, noting they filed their notice of Appeal on July 29, 2021 and their designation of record on August 9,

2021.  They further argue that Appellees' designation of additional items for the record was due on August 23, 2021, which they failed to do.  However, in checking this Court's docket, such designation occurred on August 24, 2021 as noted at D.I. 19, the same date as the parties' joint submission to this judge regarding mandatory mediation.

Appellees countered explaining their bases for disagreeing with Appellants' proposed briefing schedule.  They argue that setting a briefing schedule is premature in light of their current motion to consolidate this matter with a separate appeal from the same Bankruptcy Court Order that is currently pending. *See* D.I. 18.  Should this motion be granted, the parties would need to propose a joint briefing schedule, requiring a meet and confer of all parties, including those not involved in this specific appeal.

In addition, Appellees argue that Appellants' briefing schedule does not make sense, since it is likely that the Confirmation hearing as noted herein will like have a significant impact on this Appeal, requiring the parties to brief this impact on the present appeal.  Therefore, Appellees contend that an earlier briefing schedule as proposed by Appellants will require supplemental and duplicative briefing.  As a result, Appellants proposed the following brief schedule: Appellants' Opening Brief on October 1, 2021; Appellees Response Brief on November 22, 2021 and Appellants' Reply Brief due on December 6, 2021.  Appellees note that this briefing schedule is consistent with other schedules adopted in prior appeals in this Chapter 11 case specifically 21-167-LPS, 21-268-LPS and 21-398-LPS and takes into account the Confirmation hearing.

In the alternative, Appellees propose the following briefing schedule which is tied the mediation Recommendation in this matter, which as they correctly note is not effective until the District Court Judge, that is Judge Stark, adopts my recommendation:

Appellants Opening Brief due within thirty (30) days after docketing of the District Court order regarding the mandatory mediation requirement.  Appellees must file their Answering Brief within 60 days thereafter and Appellants may file a their Reply Brief within fourteen (14) days after service of Appellees Brief.   In further support of this proposed alternative briefing schedule would ensure that Appellees brief would include the impact of the intervening Confirmation hearing and avoid prejudicing them while preparing for this hearing.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court, with a briefing schedule to be determined.

No objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), F ED. R. C IV. P. 72(a) and D. D EL. LR 72.1 are anticipated since it is consistent with the parties request.  The remaining issue is the determination of a briefing schedule.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge