# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>MALLINCKRODT PLC, *et al.*,<br><br>            Debtors.[1] | Chapter 11<br>Case No. 20-12522-JTD<br>(Jointly Administered) |
| ATTESTOR LIMITED and HUMANA INC.,<br><br>            Appellants,<br><br>   v.<br><br>MALLINCKRODT PLC, *et al.*,<br><br>            Appellees. | C.A. No. 1:21-cv-01093-LPS<br>BAP No. 21-55 |
| CITY OF ROCKFORD, *et al.*,<br><br>            Appellants,<br><br>   v.<br><br>MALLINCKRODT PLC, *et al.*,<br><br>            Appellees. | C.A. No. 1:21-cv-01150-LPS<br>BAP No. 21-56 |

---

[1] A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

# APPELLEES' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE APPEALS FOR PROCEDURAL PURPOSES AND FOR RELATED RELIEF

Pursuant to Bankruptcy Rule 8013(a)(3), the Debtors, by and through undersigned counsel, respectfully file this reply (the "Reply") in support of their motion to consolidate (the "Motion"), for procedural purposes only, appeal Civ. No. 21-cv-1093-LPS, filed by the Acthar Insurance Claimants,[2] with appeal Civ. No. 21-cv-1150-LPS, filed by the Ad Hoc Acthar Group[3] (together with the Acthar Insurance Claimants, "Appellants").

## Introduction

As explained in the Motion, consolidating these two appeals which arise from the same order is a matter of common sense. And it is well within this Court's discretion to order consolidation over Appellants' objections.

---

[2] The "Acthar Insurance Claimants" consist of the following: Attestor Limited, on behalf of itself and its affiliated entities, including Avon Holdings I, LLC (collectively, "Attestor"), and Humana, Inc. ("Humana").

[3] The "Ad Hoc Acthar Group" consists of the following: the City of Rockford, Steamfitters Local Union No. 420, the International Union of Operating Engineers Local 542, United Association of Plumbers & Pipefitters Local 322 of Southern New Jersey and Acument Global Technologies, individually and on behalf of the classes of third party payors and their beneficiaries that Rockford, Steamfitters Local 420 and Plumbers Local 322 seek to represent in their respective cases currently pending in federal district courts in the Northern District of Illinois, the Eastern District of Pennsylvania, and the District of New Jersey, respectively. Individual members of the Ad Hoc Acthar Group are "Acthar Plaintiffs."

On the prudence of consolidation, the Appellants have little to say. They do not dispute that their appeals concern the same Bankruptcy Court order. They do not dispute that the same substantive legal standard governs in both appeals. And, while they argue that certain factual differences exist between their appeals, nothing in the Bankruptcy Court's decision turned on those differences.

Most of the Appellants' arguments do not involve consolidation at all, but rather the *timing* of these appeals. However, a consolidated briefing schedule would not delay anything; and, in fact, consolidation would streamline consideration of these appeals, in addition to conserving estate resources. While the Acthar Insurance Claimants complain at length about alleged delay, their arguments are a transparent attempt to relitigate the issues this Court already decided in denying their motion to expedite. As this Court has recognized, the fault for any delay in this case lies with the Appellants—not the Debtors.

Ultimately, the Appellants fail to explain (because they cannot explain) why this busy Court or the Debtors' estates should be forced to separately administer and address two appeals of the same Bankruptcy Court order, which resulted from a single hearing at which the Bankruptcy Court delivered a single oral ruling which applied to both Appellants.

## Argument

The Appellants admit that the appeals arise from the same Bankruptcy Court order.[4] And neither party disputes that the Third Circuit's decision in *In re Allegheny Int'l, Inc.* 954 F.2d 167 (3d Cir. 1992) provides the relevant legal standard. *See* Motion 10. For the reasons discussed in the Motion, substantial legal and factual overlap exists between the appeals, and consolidation is warranted. Motion 9-10. None of the arguments to the contrary withstand scrutiny.

The Ad Hoc Acthar Group argues that the appeals involve "different" issues "because the [underlying] claims are different." AHAG Response 3. But they never explain the nature of those differences—much less why any differences are sufficiently material to weigh against consolidation. The Acthar Insurance Claimants say slightly more. AIC Response 9. But of the four arguments they make to show that consolidation is "inappropriate and prejudicial," two do not concern consolidation at all—but rather the timing of the appeal. And the two arguments that do relate to consolidation miss the point.

---

[4] Ad Hoc Acthar Appellants' Opposition to Appellees' Motion to Consolidate Appeals, Case No. 21-cv-01150-LPC (Aug. 24, 2021), D.I. 5 ("AHAG Response"), at 1, 3; Appellants' Response to Appellees' Motion to Consolidate Appeals for Procedural Purposes and for Related Relief, Case. No. 21-cv-01093-LPS (Aug. 25, 2021), D.I. 21 ("AIC Response"), at 6-7.

4

## A. Arguments Regarding Consolidation

The Acthar Insurance Claimants' two arguments against consolidation are meritless.

*First*, they argue that "Appellees have failed to cite a single case where this Court consolidated appeals filed by unrelated appellants over the opposition of the appellants," and instead cite only cases where "consolidation was granted on consent or without opposition" or where there was "complete identity between the parties or at least the same appellant." AIC Response 4. But the fact that parties generally stipulate to consolidation of appeals arising from the same bankruptcy court order only demonstrates that the Acthar Insurance Claimants' opposition here is an outlier. *See, e.g.*, *Falcon Creditor Tr. v. Falcon Prods. (In re Falcon Prods.)*, Nos. 4:07-CV-1901 CAS, 4:07-CV-1902 CAS, 2007 U.S. Dist. LEXIS 85979, at *2-4 (E.D. Mo. Nov. 20, 2007) (non-moving parties did not object to consolidation and court found "common questions of law or fact" because "both appeals involve the same order of the Bankruptcy Court, the appellants in both cases . . . will seek the same relief in these appeals, the appellee is the same in both cases, and judicial economy and the risk of inconsistent determinations favor consolidating the two appeals").

Neither complete identity between the parties nor having the same appellant is a requirement for consolidation. *See id.* And the refusal of a party to stipulate to

consolidation does not prevent a court from consolidating appeals. *See, e.g., Coolwater, LLC v. Camp Arrowhead, Ltd. (In re Camp Arrowhead, Ltd.)*, No. SA-10-CV-170-XR, 2010 U.S. Dist. LEXIS 21177, at *2 (W.D. Tex. Mar. 8, 2010) (granting motion to consolidate over opposition); *see also In re Mergenthaler*, No. 15-CV-02031(JS), 2015 WL 13227954, at *5 (E.D.N.Y. Apr. 29, 2015) (recognizing that "[c]ourts are empowered to consolidate related cases su[a] sponte" (citing *Devlin v. Transp. Commc'ns. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999))).[5]

*Second*, the Acthar Insurance Claimants argue that "any claimed efficiencies are superficial and minimal at best" due to certain differences in the underlying claims held by the Acthar Insurance Claimants and the Ad Hoc Acthar Group. AIC Response 6-7. This argument glosses over the fact that none of those differences were material to the Bankruptcy Court's decision. The Acthar Insurance Claimants are correct that the Bankruptcy Court disallowed both

---

[5] The Acthar Insurance Claimants correctly note that Bankruptcy Rule 8003(b)(2) governs the relief at issue. AIC Response 3 n.2. But that does not affect the analysis—the same substantive legal standard applies, and courts routinely cite Federal Rule of Civil Procedure 42(a), in addition to Federal Rule of Bankruptcy Procedure 8003(b)(2), in ruling on consolidation of bankruptcy appeals. *See In re Windstream Holdings, Inc.*, No. 20 CV 4276 (VB), 2020 WL 4481933, at *2 (S.D.N.Y. Aug. 3, 2020) (citing Fed. R. Civ. P. 42(a) and Fed. R. Bankr. P. 8003(b)(2)); *In re Mergenthaler*, 2015 WL 13227954, at *5 (citing only Fed. R. Civ. P. 42(a)); *cf. United States v. Williamson*, 706 F.3d 405, 419 n.9 (4th Cir. 2013) ("Our authority to consolidate appeals is constrained only by the requirement that 'the parties have filed separate timely notices of appeal.'" (quoting Fed. R. App. P. 3(b)(2)).

appellant groups' proofs of claim based on their failure "to allege facts sufficient to establish *prima facie* validity." AIC Response 7. But nothing in the Bankruptcy Court's decision turned on the "different factual and legal theories" in each appellant group's prepetition lawsuits, the fact that those lawsuits "were at different stages of proceeding at the time of Appellees' bankruptcy," or whether or not the proofs of claim were class proofs of claim. *Id.* at 7.

Instead, the Bankruptcy Court held that the two appellant groups "just filed blanket proofs of claim against . . . every single debtor in the corporate structure not knowing whether they had claims or not," and they did so in "bad faith" to "put pressure on the debtors by bringing claims against every single debtor in the corporate structure, including the generic side and the specialty side, because that is going to screw up the debtor's plan of reorganization." July 23 Hr'g Tr. 46:6-47:7 [Bankr. D. I. 3414]. As this Court previously recognized, the Bankruptcy Court's ruling was based on findings that Appellants "*had not alleged a single fact in support*" of their claims and "had filed the claims in bad faith in an attempt to gain leverage and hold up confirmation of the plan." D.I. 14 (citing July 23 Hr'g Tr. 45-47) (emphasis added). Accordingly, purported differences in the nature of the underlying lawsuits are unlikely to be a significant issue in either appeal, and certainly not one that would outweigh the compelling reasons for, and obvious benefits of, consolidation.

7

### B. Arguments Regarding Timing Of The Appeals

The Acthar Insurance Claimants' two remaining arguments do not relate to the prudence of consolidation, but to the timing of their appeal.

*First*, the Acthar Insurance Claimants argue that "[c]onsolidation is another step in Appellees' delay efforts" and granting consolidation would result in prejudice. AIC Response 5. They cite the briefing schedule the Debtors proposed to the Magistrate Judge pursuant to the July 30, 2021 oral order in this appeal as evidence of the Debtors' "desire to delay this Appeal." *Id.* at 5; *see* D.I. 3.

As an initial matter, the parties' proposed briefing schedules is a separate matter. The Debtors note that their proposed schedule is consistent with schedules adopted in prior appeals in this Chapter 11 case. *See* 21-cv-00167-LPS; 21-cv-00268-LPS; 21-cv-00398-LPS. And just today, the Magistrate Judge recommended that "this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court, with a briefing schedule to be determined." D.I. 23 at 4. The Acthar Insurance Claimants' arguments regarding delay are a transparent attempt to relitigate the arguments this Court already rejected in denying their motion to expedite. *See* D.I. 14 at 5 (denying motion to expedite based on "Appellants' own delay and failure to follow established procedures").

8

In any event, the Acthar Insurance Claimants' arguments on prejudice miss the mark. If the Acthar Insurance Claimants had stipulated to consolidation, which is clearly warranted here, the parties could have focused on a consolidated briefing schedule that would streamline briefing and consideration of these appeals. That has been the Debtors' position from the beginning. Instead, the Acthar Insurance Claimants embroil the parties and the Court in an unnecessary dispute over a procedural issue on which rational parties typically stipulate.

Further, under the Acthar Insurance Claimants' reasoning, prejudice will result *regardless* of the briefing schedule that this Court adopts. The parties agree that the confirmation hearing scheduled for September 21, 2021 is likely to have a significant impact on this appeal. *See* Motion to Expedite 2, 4, 5 [D.I. 4] (arguing that "[t]he only way to avoid" dealing with equitable mootness would be to "resolve[] [this appeal] before the approaching September 2021 plan-related deadlines"). Yet even under the schedule that the Acthar Insurance Claimants proposed to the Magistrate Judge, this appeal will not be resolved before the confirmation hearing. Which means the parties will need to brief the impact of the confirmation hearing on the appeal—and will need to do so after the confirmation hearing. Consolidation will not cause any prejudice.

*Second*, the Acthar Insurance Claimants similarly argue that consolidation is not warranted because the Ad Hoc Acthar Group is "proceeding on [a] different

9

timeline" than the Acthar Insurance Claimants. AIC Response 8. But the fact that, absent consolidation, the Debtors will be forced to defend two appeals proceeding on different timelines that arise from the same Bankruptcy Court order weighs *in favor* of consolidation. *See, e.g.*, *In re Mergenthaler*, No. 15-CV-02031(JS), 2015 WL 13227954, at *5 (E.D.N.Y. Apr. 29, 2015) (consolidation appropriate where "it would be more confusing to allow [appeals] to proceed separately than to consolidate them"); *In re Falcon Prods.*, 2007 U.S. Dist. LEXIS 85979, at *2 (recognizing that "judicial economy and the risk of inconsistent determinations favor consolidat[ion]").

## CONCLUSION

For the foregoing reasons as well as those discussed in the Motion, the Debtors respectfully request that the Court enter an order consolidating and jointly administering the appeals, and granting any and all other such relief to which the Court finds the Debtors are justly entitled.

Dated: August 31, 2021
       Wilmington, Delaware

*/s/ Michael J. Merchant*

| | |
|---|---|
| **RICHARDS, LAYTON & FINGER, P.A.** | **LATHAM & WATKINS LLP** |
| Mark D. Collins (No. 2981) | George A. Davis (*pro hac vice*) |
| Robert J. Stearn, Jr. (No. 2915) | George Klidonas (*pro hac vice*) |
| Michael J. Merchant (No. 3854) | Andrew Sorkin (*pro hac vice*) |
| Amanda R. Steele (No. 5530) | Anupama Yerramalli (*pro hac vice*) |
| One Rodney Square | 1271 Avenue of the Americas |
| 920 N. King Street | New York, New York 10020 |
| Wilmington, Delaware 19801 | Telephone: (212) 906-1200 |
| Telephone: (302) 651-7700 | Facsimile: (212) 751-4864 |
| Facsimile: (302) 651-7701 | Email:    george.davis@lw.com |
| Email:    collins@rlf.com |             george.klidonas@lw.com |
|           stearn@rlf.com |             andrew.sorkin@lw.com |
|           merchant@rlf.com |             anu.yerramalli@lw.com |
|           steele@rlf.com | - and - |
| | Jeffrey E. Bjork (*pro hac vice*) |
| | 355 South Grand Avenue, Suite 100 |
| | Los Angeles, California 90071 |
| | Telephone: (213) 485-1234 |
| | Facsimile: (213) 891-8763 |
| | Email:    jeff.bjork@lw.com |
| | - and – |

Jason B. Gott (*pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: jason.gott@lw.com

*Attorneys for Debtors*

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

This document complies with the type-volume limit of Fed. R. Bankr. Pr. 8013(f)(3)(A) because, excluding the parts of the document exempted by Fed. R. Bankr. Pr. 8015(g), this document contains 2,143 words. This document complies with the typeface and type-style requirements of Fed. R. Bankr. Pr. 8013(f)(2) because this document has been prepared in proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

Dated: August 31, 2021                    */s/ Michael J. Merchant*
                                          Michael J. Merchant